UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

KAREN WOODARD                                   CIVIL ACTION NO. 13-cv-0042

VERSUS                                          JUDGE STAGG

RENT-A-CAR EAST, INC., ET AL                    MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

**Introduction**

This is a suit for damages arising out of an alleged battery and sexual harassment of Plaintiff by Defendant's employee. Plaintiff purchased a computer from Defendant and, in connection with the rental-purchase agreement, executed an arbitration agreement. Plaintiff claims she was subjected to unwanted touching and highly offensive, sexually suggestive language when she visited Defendant's store to make payments or obtain maintenance or repairs. Plaintiff alleges that she complained to the employee's supervisor each time the battery and sexual harassment occurred, but he failed to take any action against the employee. Plaintiff also alleges that the employee made harassing phone calls to her at night.

Plaintiff filed suit in Caddo Parish District Court, but Defendant removed the case to this court based on diversity jurisdiction. Defendant then filed a Motion to Compel Arbitration (Doc. 8), that is currently before the court. For the reasons that follow, it is recommended that the motion be granted.

**The Arbitration Agreement**

Plaintiff does not dispute that she executed an arbitration agreement in connection with her rental/purchase of a computer. (Apparently, Plaintiff purchased two computers, so there are two rental purchase agreements and two arbitration agreements, but the relevant language is identical).

In a section entitled "What Claims Are Covered," the arbitration agreement provides:

"Claim" means any claim, dispute or controversy between you and us that in any way arises from or relates to the Rental-Purchase Agreement or the leased property, except "Claim" does not include any claim or action by either party seeking judicial determination of that party's right to possession of the leased merchandise, provided that such claim or action does not involve a request for monetary relief of any kind.

The agreement defines the term "Claim" as follows:

"Claim" has the broadest possible meaning and, except as set forth above, includes initial claims, counterclaims, cross-claims and third-party claims. It includes disputes based upon contract, *tort*, fraud and *other intentional torts*, constitution, statute, regulation, ordinance, common law and equity (including any claim for injunctive or declaratory relief other than a declaration of a party's right to possession). *It also includes disputes about the validity, enforceability, arbitrability or scope of this Arbitration Agreement or the Rental-Purchase Agreement.* [Italics added.]

The arbitration agreement further defines Defendant to include any of its past or present employees.

**Law and Analysis**

The Federal Arbitration Act ("FAA") provides that contractual arbitration clauses are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. When a dispute covered under an arbitration

clause is brought in a suit in federal court, the court must stay the action upon application of any of the parties. 9 U.S.C. § 3.

Generally, "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." AT&T Techs, Inc. v. Comm. Workers of Am., 475 U.S. 643, 648 (1986). At the same time, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration. Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25 (1983). Given this presumption in favor of arbitration, a court should not deny an order to arbitrate unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the dispute. AT&T Techs., Inc., 475 U.S. at 650; Neal v. Hardee's Food Sys., 918 F.2d 34, 37 (5th Cir. 1990).

Plaintiff argues that her claims for sexual harassment and battery by Defendant's employee do not fall within the scope of the arbitration agreement. Plaintiff argues that the contract provides for arbitration only for those claims that "arise from or relate to the Rental-Purchase Agreement or the leased property." According to Plaintiff, the mere fact that she purchased a computer from Defendant does not mean that her claims for sexual harassment and battery arise from that agreement. In support, Plaintiff cites Jones v. Haliburton, 583 F.3d 228 (5th Cir. 2009) and Doe v. Princess Cruise Lines, 657 F.3d 1204 (11th Cir. 2011).

Defendant responds that the arbitration agreement specifically defines "Claim" to include intentional torts and, therefore, encompasses the battery and harassment claims assert by Plaintiff. The contracts in Jones and Doe did not include intentional torts. Defendant

notes that, with the exception of the phone calls, the alleged conduct occurred at Defendant's store while Plaintiff was either requesting service for her computer or making her monthly payments.  Defendant distinguishes Jones and Doe from this case because neither of those cases involved contracts which delegated to the arbitrator disputes about the validity, enforceability, arbitrability, or scope of the arbitration agreement.

In Jones, the plaintiff alleged she was gang raped in company provided housing while working in Iraq.  The agreement in that case covered claims "related to [the plaintiff's] employment" and included "personal injury claims arising in the workplace...."  The Court found that some of the claims arising from the sexual assault were outside the scope of the arbitration agreement.  There was no delegation clause in Jones.

In Doe, the plaintiff alleged she was drugged and raped by co-employees of the cruise ship during an after hours party.  The agreement covered "any and all disputes, claims, or controversies whatsoever", which the court found would have been sufficiently broad, except that the agreement went on to limit its coverage to those disputes "relating to or in any way arising out of or connected with the Crew Agreement, these terms, or services performed for [the defendant cruise line]."  The Court found that the claims related to the sexual assault were outside the scope of the arbitration provision.  There may have been a delegation clause in Doe, but the Court rejected the delegation argument because of the invited error doctrine – the defendant asked the district court to decide for itself whether the dispute was subject to arbitration.

When a party alleges that a dispute is covered by an arbitration agreement, the court's role is limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the dispute falls within the scope of that arbitration agreement. Klein v. Nabors Drilling, 710 F.3d 234, 236 (5th Cir. 2013).  The Supreme Court recently recognized, however, "that parties can agree to arbitrate gateway questions of arbitrability, such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy." Rent-A-Center, West, Inc. v. Jackson, 130 S.Ct. 2772, 2777 (2010); Green v. G. Reynolds Sims, 2013 WL 1212775 (E.D. Mich. 2013).

The court finds that Plaintiff's claims for battery, sexual harassment and the like are intentional torts that likely fall within the definition of "Claims" in the arbitration agreement. With the exception of late night telephone calls, all of the abuse, unwanted touching, and harassment occurred at Defendant's place of business when Plaintiff was there making payments under the rental agreement or seeking repairs to the computer.  But for the computer purchase and related agreements, it is unlikely any of the harassment or torts would have happened.

Rather than ordering the parties to arbitrate, however, the court will enforce the parties' agreement and direct them to arbitrate the gateway issue of arbitrability.  There is more than a good faith argument that all of Plaintiff's claims should be arbitrated, and the contract calls for that question to be resolved by an arbitrator.  Notably, Plaintiff does not attack the validity of the arbitration agreement or the delegation clause itself.  In the event the arbitrator finds that any of Plaintiff's claims fall outside the scope of the arbitration

clause, Plaintiff may return to this court and ask that the case proceed as to those claims. To avoid any future argument regarding timeliness, Defendant's request to dismiss this case is denied. A stay, as directed by 9 U.S.C. § 3, is more appropriate to allow the arbitrator to determine the gateway issue.

Accordingly,

**IT IS RECOMMENDED** that the Motion to Compel Arbitration (Doc. 8) be granted and this case stayed, and that the parties be directed to present the gateway question of arbitrability to an arbitrator in accordance with their agreement.

**IT IS FURTHER RECOMMENDED** that the clerk be directed to close this case for administrative purposes only.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within seven (7) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to

proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

   THUS DONE AND SIGNED in Shreveport, Louisiana, this 28th day of May, 2013.

                     _____
                      MARK L. HORNSBY
                      UNITED STATES MAGISTRATE JUDGE